**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**RENDELL ROBINSON**,

                         Plaintiff,

        - v -                         Civ. No. 9:10-CV-01442
                                        (GTS/RFT)
**DR. KRISHNA VALDAMUDI,**
**DR. SAED HAIDER-SHAH**,

                         Defendants.

**APPEARANCES:**                             **OF COUNSEL:**

**RENDELL ROBINSON**
Plaintiff, *Pro Se*
07-A-6175
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**HON. ERIC T. SCHNEIDERMAN**        **ROGER W. KINSEY, ESQ.**
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

      Plaintiff Rendell Robinson brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that between December 2009 and October 2010, Defendants, who are Doctors at Marcy Correctional Facility, were deliberately indifferent toward the treatment of his lower back pain, in contravention of the Eighth Amendment. Dkt. No. 11, Am. Compl. Now before this Court is Defendants' Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56(a). Dkt. No. 43. For the reasons that follow, we recommend Defendants' Motion for Summary Judgment be **DENIED**.

# I. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

It is clear that a party seeking summary judgment bears the burden of informing the Court of the basis for their motion and of identifying those portions of the record that they, the moving party, believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. *Celotex Corp. v. Catrett*, 477 U.S. at 323. The parties are to present the evidence that either supports or defeats their motion for summary judgment *via* their statements pursuant to Local Rule 7.1(a)(3), and the Court need not consider facts that are not in these statements or not supported by specific citations to the record. *See Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 291 (2d Cir. 2000) (The Court "is not required to consider what the parties fail to point out.") (internal quotation marks and citations omitted); *Amnesty Am. v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that FED. R. CIV. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") (citations omitted). The non-movant's burden to oppose summary judgment "arises only if the motion is properly supported." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (citing Adickes *v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970)). Thus, summary judgment is appropriate when the moving party has met its burden of production under Federal Rule of Civil Procedure 56(c) "to show initially the absence of a genuine issue concerning any material fact."

*Adickes v. S.H. Kress & Co.*, 398 U.S. at 159–60. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden, then "summary judgment must be denied even if no opposing evidentiary matter is presented." *Id*. at 160 (quoted in *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)); *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

## II. DISCUSSION

According to Plaintiff, on July 11, 2007, Plaintiff was involved in a traffic accident while being transported by the Department of Corrections. Dkt. No. 50-3, Pl.'s Mem. of Law at p. 1. Thereafter, Plaintiff reported pain in his head, neck, back, left knee and ankle and the next day he was transferred to Rikers Island where he was ultimately diagnosed with head trauma, whiplash, a sprained neck, and a degenerative condition in his lumbar spine. *Id.* at p. 2. After the incident, while at Rikers and several other prison facilities, Plaintiff received various types of treatments including the use of a neck brace and a walking cane for several months, physical therapy, an extra pillow, a softer mattress, and medications such as Naproxin, Flexiril, Feldene, Motrin, Robaxin, Tylenol, and Piroxicam. *Id.* at pp. 2–3.

Then, on December 24, 2009, Plaintiff was transferred to Marcy Correctional Facility ("MCF"), where he was treated by Defendants Dr. Valdamudi and Dr. Haider-Shah. Dkt. No. 43-2, Defs.' Statement Pursuant to Rule 7.1 (hereinafter "Defs.' 7.1 Statement") at ¶ 2. Plaintiff told Defendants that he had been receiving physical therapy for his back, and asked them to continue this treatment. Defendants denied him physical therapy and instead treated Plaintiff's back pain with over-the-counter pain medications such as Tylenol, Ibuprofen, and Bengay. *See e.g.,* Dkt. Nos. 43-6,

Certified Copies of Portions of Robinson's Ambulatory Health R. (hereinafter "AHR"), at p. 23;[1]
43-4, Dr. Krishna Valdamudi Decl., dated Mar. 13, 2012, at ¶ 14. Between December 24, 2009, and
roughly the beginning of March 2010, Defendants continued to prescribe these medications as well
as other prescription drugs, self-stretching exercises, and eventually a softer mattress. *See e.g.*, AHR
at pp. 3, 5, 7, & 15. However, during this same period, Plaintiff routinely complained that the
treatment he was provided was ineffective or inadequate for his severe, debilitating, and chronic
back pain, and requested various other types of treatment including physical therapy, a back brace,
and the drug Neurontin, each of which were deemed unnecessary by Defendants and thus denied.
*See id.* at pp. 3, 5, 6, 11–13, 15, & 16.

Plaintiff claims he continued to receive inadequate care at Marcy between March 2010 and
October 2010. *See* Am. Compl. at pp. 44–49; AHR at pp. 35 (noting that an "INTAKE CHART
REVIEW" was conducted at MCF on December 28, 2009, and that his medical records were
received at Elmira Correctional Facility on October 22, 2010) & 161–205 (containing medical
records, in reverse chronological order, from March 10, 2010, through October 19, 2010 – the last
of which notes "pt. leaving in AM to Elmira"). However, Defendants have failed to address what
type of care, if any, was provided to Plaintiff during this period in either their 7.1 Statement,
Affidavits, or Memorandum of Law. Instead, Defendants intimate that their treatment of Plaintiff
ended sometime in March. The truncated record submitted to the Court does not appear to support
this notion. It appears to the Court that Defendants misinterpreted Plaintiff's claim as applying only

---

[1] Because the AHR is not sequentially numbered all references are to the page numbers automatically assigned
by the Court's Electronic Case Management/Filing System.

to the treatment provided between December 24, 2009, and the beginning of March 2010.[2] *See e.g.,* Dkt. No. 43-5, Sandra Martin-Karas Decl., dated Jan. 23, 2012, at ¶ 4 (stating Plaintiff's complaint was that "he suffered deliberate indifference . . . while incarcerated at Marcy from December 25, 2009 until March 3, 2010") (citing Compl.); *see also* Defs.' 7.1 Statement (summarizing treatment provided between December 2009 and March 2010, but making no reference whatsoever to treatment provided thereafter).

Yet, Plaintiff's Amended Complaint clearly alleges that constitutional violations occurred or continued to occur at Marcy well after March 2010. *See e.g.,* Am. Compl. at pp. 44–49. Moreover, in his Opposition Plaintiff pointed out Defendants' failure to respond to his post-March allegations, a point which Defendants could have, but failed to rebut. *See* Pl.'s Mem. of Law at p. 4; Dkt. No. 50-2, Rendell Robinson Decl., filed Sep. 12, 2012, at ¶ 4. Although Defendants have submitted portions of Plaintiff's medical records from March 2010 to October 2010, their failure to explain the meaning of these records and extrapolate upon the care Plaintiff received through October renders any interpretation by the Court as to the legal significance of these records nothing more than speculation.

Moreover, it is not the responsibility of this Court to cull the details of the Plaintiff's treatment during the period between March and October 2010, from the 267 pages of medical records which were provided – but not adequately referenced or explained – by Defendants. *Amnesty Am. v. Town of West Hartford*, 288 F.3d at 470; *Monahan v. New York City Dep't of Corr.*, 214 F.3d at 291. Nor must we consider the sufficiency of Plaintiff's arguments in Opposition in

---

[2] Defendants' error in this regard is understandable given Plaintiff's penmanship. This Court experienced considerable difficulty in attempting to decipher Plaintiff's Pleadings as well. Nonetheless, given the fact that the Court was ultimately able to discern the full extent of Plaintiff's claims, it cannot be said that Defendants would have been entirely precluded from doing so as well.

order to reach a conclusion on the instant Motion. *See Adickes v. S.H. Kress & Co.*, 398 U.S. at 159. For our purposes it is sufficient to note that Defendants have failed to meet their burden of proof, under Federal Rule 56(c) and Local Rule 7.1, by failing to explain what evidence if any demonstrates the absence of any issue of material fact as to the constitutional sufficiency of the treatment provided to Plaintiff between March and October 2010. *See Celotex Corp. v. Catrett*, 477 U.S. at 323; *Monahan v. New York City Dep't of Corr.*, 214 F.3d at 291. For these reasons we recommend that Defendants' Motion for Summary Judgment be **DENIED**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 43) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).


Date: January 31, 2013
      Albany, New York

Randolph F. Treece
U.S. Magistrate Judge