UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RENDELL ROBINSON,
                             Plaintiff,

v.                                            9:10-CV-1442
                                            (GTS/RFT)

DR. KRISHNA VALDAMUDI, Physician, Marcy C.F.;
and DR. SAED HAIDER-SHAH, Physician, Marcy C.F.;
                             Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

RENDELL ROBINSON, 07-A-6175
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN                      ROGER W. KINSEY, ESQ.
Attorney General for the State of New York         Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Rendell Robinson ("Plaintiff") against the two above-captioned state correctional employees ("Defendants"), are Defendants' motion for summary judgment (Dkt. No. 43), and United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Defendants' motion be denied (Dkt. No. 53). No objections have been filed, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, the Report-Recommendation is accepted, and Defendants' motion is denied.

I.      RELEVANT BACKGROUND

Plaintiff filed his Complaint in this action on July 12, 2010. (Dkt. No. 1.) Plaintiff filed an Amended and Supplemental Complaint in this action on November 30, 2010. (Dkt. No. 11.)[1] Generally, in his Amended and Supplemental Complaint, Plaintiff alleges that Defendants violated his constitutional rights under the Eighth Amendment while he was an inmate at Mary Correctional Facility during the period of December 24, 2009 to October 14, 2010, by recklessly failing to properly treat his chronic lower back pain (caused by injuries sustained in a car accident that occurred while he was being transported by the City of New York Department of Correction in 2007). (*Id.*)[2]

On March 27, 2012, Defendants filed motion for summary judgment. (Dkt. No. 43.) Generally, in their motion, Defendants assert the following arguments regarding the medical care that Plaintiff received at Marcy Correctional Facility between his arrival there on December 24, 2009, and his purported departure from there on March 3, 2010: (1) based on the admissible record evidence, no rational fact finder could conclude that Defendants were deliberately indifferent to Plaintiff's serious medical needs; (2) to the extent that Plaintiff's claims are asserted against Defendants (who are state officials) in their official capacities, those claims must

---

[1] Although the second pleading filed by Plaintiff is labeled and docketed as an "Amended Complaint," in actuality that second pleading is an Amended and Supplemental Pleading, because it (1) amends the allegations and claims arising from events occurring before the date of his original Complaint, and (2) asserts new allegations and claims arising from events occurring after the date of his original Complaint. *See* Fed. R. Civ. P. 15(d) (defining the nature of a "supplemental pleading").

[2] The Court notes that Plaintiff's Amended and Supplemental Complaint's mentions dates from April to September of 2010, is dated October 14, 2010, and alleges that his institute of incarceration as of that date was Marcy Correctional Facility. (Dkt. No. 11, at 3, 42, 43, 46, 53.)

be dismissed as barred by the doctrine of sovereign immunity under the Eleventh Amendment; and (3) based on the admissible record evidence, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 43, Attach. 1.)

In opposition to Defendants' motion, Plaintiff has filed a response on September 12, 2012 (Dkt. No. 50), a supplemental response on September 17, 2012 (Dkt. No. 51), and a second supplemental response on January 30, 2013 (Dkt. No. 52). Generally, in those papers, Plaintiff asserts the following three arguments: (1) the record does contain admissible evidence from which a rational fact finder could conclude that Defendants were deliberately indifferent to Plaintiff's serious medical needs; (2) to the extent that Plaintiff's claims are asserted against Defendants in their *individual* capacities, those claims are *not* barred by the doctrine of sovereign immunity under the Eleventh Amendment; (3) based on the admissible record evidence, a genuine dispute of material fact exists regarding whether Defendants are protected from liability by the doctrine of qualified immunity. (Dkt. No. 50, Attach. 3.)

On January 31, 2013, Magistrate Judge Treece issued a Report-Recommendation recommending that Defendants' motion be denied. (Dkt. No. 53.) Generally, in his Report-Recommendation, Magistrate Judge Treece found that, because Defendants have misconstrued Plaintiff's claims as being based only on events occurring between December of 2009 and March of 2010, they have neglected to adduce arguments or evidence regarding events occurring between March of 2010 and October of 2010, thus precluding the Court from being able to make a determination as to the constitutional sufficiency of Plaintiff's medical treatment. (*Id*. at Part II.) Familiarity with the findings of Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties.

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4]

---

[3] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[7]

---

evidentiary hearing is required.").

[5] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[6] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[7] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.     Standard Governing a Motion for Summary Judgment**

Magistrate Judge Treece correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 53, at Part I.) As a result, this standard is incorporated herein by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

**III.    ANALYSIS**

After carefully reviewing all of the papers in this action, the Court concludes that the Report-Recommendation is well-reasoned and not clearly erroneous. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.

The Court would add only the following point: given the rationale for Magistrate Judge Treece's Report-Recommendation, Defendants' motion is denied only without prejudice. The Court has declined to grant summary judgment to Defendants with regard to the medical care they provided Plaintiff between December 2009 and March 2010 only because it has found that, under the circumstances, that care should be considered together with the care provided to Plaintiff between March 2010 and October 2010. The same is true with regard to any claims asserted against Defendants in their official capacities (assuming that Plaintiff's Amended and Supplemental Complaint can be liberally construed as attempting to assert such claims). As a result, in the interest of judicial efficiency and the possibility of avoiding an unnecessary and

time-consuming trial, Defendants are free to reassert the above-described arguments in a renewed motion for summary judgment.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 53) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 43) is **DENIED without prejudice** to renewal within **THIRTY (30) DAYS** of the date of this Decision and Order. Should Defendants file such a renewed motion within that time period, the motion is respectfully referred to Magistrate Judge Treece for a second Report-Recommendation. Should Defendant not file such a renewed motion within that time period, the file in this action shall be returned to the undersigned for the scheduling of trial.

Dated: March 8, 2013
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge