UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RENDELL ROBINSON,

                      Plaintiff,

v.                                                                 9:10-CV-1442
                                                                  (GTS/RFT)

DR. KRISHNA VALDAMUDI, Physician, Marcy
Corr. Facility; and DR. SAED HAIDER-SHAH,
Physician, Marcy Corr. Facility,

                      Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

RENDELL ROBINSON, 07-A-6175
  Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. ERIC T. SCHNEIDERMAN                    ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Rendell

Robinson ("Plaintiff") against the two above-captioned New York State correctional employees

("Defendants"), are Defendants' second motion for summary judgment (Dkt. No. 55), and

United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending

that Defendants' motion be granted (Dkt. No. 67). For the reasons set forth below, the Report-

Recommendation is accepted and adopted, and Defendants' motion is granted.

## I. RELEVANT BACKGROUND

Plaintiff filed his Complaint in this action on July 12, 2010. (Dkt. No. 1.) Plaintiff filed an Amended and Supplemental Complaint in this action on November 30, 2010. (Dkt. No. 11.)[1] Generally, in his Amended and Supplemental Complaint, Plaintiff alleges that Defendants violated his constitutional rights under the Eighth Amendment while he was an inmate at Mary Correctional Facility during the period of December 24, 2009 to October 14, 2010, by recklessly failing to properly treat his chronic lower back pain (caused by injuries sustained in a car accident that occurred while he was being transported by the City of New York Department of Correction in 2007). (*Id*.)

On March 27, 2012, Defendants filed motion for summary judgment. (Dkt. No. 43.) On January 31, 2013, Magistrate Judge Treece issued a Report-Recommendation recommending that Defendants' motion be denied. (Dkt. No. 53.) Generally, in his Report-Recommendation, Magistrate Judge Treece found that, because Defendants have misconstrued Plaintiff's claims as being based only on events occurring between December of 2009 and March of 2010, they have neglected to adduce arguments or evidence regarding events occurring between March of 2010 and October of 2010, thus precluding the Court from being able to make a determination as to the constitutional sufficiency of Plaintiff's medical treatment. (*Id*. at Part II.)

On March 8, 2013, the Court accepted and adopted Magistrate Judge Treece's Report-Recommendation and denied Defendants' motion without prejudice, permitting Defendants to

---

[1] Although the second pleading filed by Plaintiff is labeled and docketed as an "Amended Complaint," in actuality that second pleading is an Amended and Supplemental Pleading, because it (1) amends the allegations and claims arising from events occurring before the date of his original Complaint, and (2) asserts new allegations and claims arising from events occurring after the date of his original Complaint. *See* Fed. R. Civ. P. 15(d) (defining the nature of a "supplemental pleading").

renew their motion. (Dkt. No. 54.)

On March 21, 2013, Defendants filed a second motion for summary judgment, providing previously omitted arguments and record evidence. (Dkt. No. 55, 56.) Generally, in their memorandum of law, Defendants assert the following three arguments regarding the medical care that Plaintiff received at Marcy Correctional Facility between his arrival there on December 24, 2009, and his transfer from there on October 21, 2010: (1) Plaintiff has neither alleged facts plausibly suggesting, nor adduced admissible record evidence establishing, that a rational fact finder could conclude that Defendants were deliberately indifferent to Plaintiff's serious medical needs; (2) to the extent that Plaintiff's claims are asserted against Defendants (who are state officials) in their official capacities, those claims must be dismissed as barred by the doctrine of sovereign immunity under the Eleventh Amendment; and (3) in the alternative, based on the admissible record evidence, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 56, Attach. 4.) In support of their motion, Defendants submitted a Statement of Material Facts containing 159 paragraphs of factual assertions supported by accurate record citations. (Dkt. No. 55, Attach. 3.)

On April 17, 2013, Plaintiff filed a response to Defendants' motion. (Dkt. No. 59.) Generally, in his opposition memorandum of law, Plaintiff asserts the following three arguments: (1) Plaintiff has stated and established a viable Eighth Amendment medical indifference claim, (2) Defendants sued in their individual capacities are not entitled to Eleventh Amendment immunity, and (3) Defendants are not entitled to qualified immunity where, as here, genuine issues of material fact are in dispute. (Dkt. No. 60, Attach. 3, at Points I through III.) While Plaintiff submitted a response to Defendant's Statement of Material Facts, the vast majority of the denials in that response are not supported by any record citations (much less accurate record

3

citations). (Dkt. No. 59, Attach. 2.)

On January 21, 2014, Magistrate Judge Treece issued a Report-Recommendation recommending that Defendants' motion be granted. (Dkt. No. 67.) Generally, in his recommendation, Magistrate Judge Treece found that, while Plaintiff has established that his back condition constituted a serious medical need, he has failed to established that Defendants possessed the sort of culpable mental state (which is akin to criminal recklessness) necessary to be deliberately indifferent to that serious medical need. (*Id*. at Part II.) Rather, found Magistrate Judge Treece, the medical records and declarations adduced by the parties reveal that, while Plaintiff may not have received the medical care he desired, Defendants were attentive to Plaintiff's medical needs and provided treatment in accordance with established medical guidelines. (*Id*.) Familiarity with the remaining grounds of Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties.

On January 29, 2014, the Court extended the deadline for Plaintiff's Objections, from February 7, 2014, to March 3, 2014. (Text Order filed Jan. 29, 2014.) The Court received those Objections on March 17, 2014. (Dkt. No. 70.) Generally, in his Objections, Plaintiff repeats previously asserted arguments. (*Compare* Dkt. No. 70 *and* Dkt. No. 70, Attach. 1 *with* Dkt. No. 59, Attach. 3.) In addition, he attempts to adduce 35 pages of exhibits. (Dkt. No. 70, Attach. 2.) Plaintiff's Objections appear devoid of any explanation of why Plaintiff omitted the exhibits from his response to Defendants' motion for summary judgment. (Dkt. No. 70.) The Court notes that the exhibits bear dates from before the date of Plaintiff's response to Defendants (i.e., April 10, 2013). (Dkt. No. 70, Attach. 2.)

## II. APPLICABLE LEGAL STANDARDS

4

## A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State*

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

5

*Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing a Motion for Summary Judgment

Magistrate Judge Treece accurately recited the legal standard governing a motion for summary judgment. (Dkt. No. 67, at Part I.) As a result, this standard is incorporated herein by reference in this Decision and Order.

The Court would add only one point of law to that standard. In this District, for a non-movant to create a genuine dispute of material fact with regard to a fact asserted (and properly supported) in a movant's Statement of Material Facts, the non-movant must support his denial of that fact with an accurate record citation, assuming the non-movant, if *pro se*, has been properly advised of the consequences of failing to do so. *See* N.D.N.Y. L.R. 7.1(a)(3). As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules. *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426-27 & n.4 (N.D.N.Y. 209) (Suddaby, J.) (citing cases). For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted

---

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

where the nonmoving party has willfully failed to properly respond to that statement[6]–even where the nonmoving party was proceeding *pro se* in a civil rights case. *Cusamano*, 604 F. Supp.2d at 427 & n.6 (citing cases).

III.   ANALYSIS

After carefully reviewing all of the papers in this action, the Court can find no error in the well-reasoned Report-Recommendation, clear or otherwise. (Dkt. No. 67.) Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. The Court would add only three brief points.

First, Plaintiff was repeatedly advised of the consequences of failing to support the denials in his responsive Statement of Facts with accurate record citations. (Dkt. Nos. 55, 57.) However, he choose not to do so. (Dkt. No. 59, Attach. 2.) Under the circumstances, the Court need not perform an independent review of the record to find proof of a factual dispute. *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases). This fact serves as a threshold basis on which to adopt and accept the Report-Recommendation, grant Defendants' motion, and dismiss Plaintiff's Amended and Supplemental Complaint.

Second, as stated above in Part I of this Decision and Order, Plaintiff was granted until March 3, 2014, to file his Objections to the Report-Recommendation. However, the Court did not receive those Objections until March 17, 2014, the Court received those Objections. Pursuant to the Prison Mailbox Rule, the date on which the prisoner handed his papers to

---

[6] Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

correctional officers for mailing is the date on which he is deemed to have "filed" the papers with the Court. Here, the Objections contain what purports to be an "Affidavit of Service," dated February 27, 2014. (Dkt. No. 70, Attach. 3.) However, the notary's stamp does not state the notary's name (only his or her initials), the county in which he or she is qualified, or the date on which their notary's commission expires. (*Id.*) The omission of these requirements is material because (1) 18 days appears to be a long time for mail to travel, by the U.S. Postal Service, the 135 miles from Attica, New York, to Syracuse, New York, (2) the envelope is post-marked March 11, 2014, and (3) 12 days appears to be a long time for an envelope to be processed for mailing from Attica Correctional Facility. (Dkt. No. 70, Attach. 4.) Simply stated, the inference that Plaintiff waited until March 11, 2014 (or a day or two before March 11, 2014) to hand the Objections to a correctional official for mailing appears reasonable. However, out of special solicitude to Plaintiff as a *pro se* prisoner civil rights litigant, the Court will give him the benefit of the doubt and accept his Objections as timely filed.

Third, while the Court has carefully reviewed and considered the legal and factual arguments asserted in Plaintiff's Objections, the Court rejects Plaintiff's attempt to supplement the record on Defendants' motion for summary judgment through the submission of 35 pages of records that could have been, but were not, submitted in his opposition to Defendants' motion. *See, supra,* Part I of this Decision and Order. As stated above in Part II.A. of this Decision and Order, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. Here, the Court exercises its discretion to not consider the late-blossoming evidentiary materials, given (1) the age of the case, (2) the fact that Plaintiff was previously provided a courtesy copy of the District's *Pro Se* Manual (in addition to the copy of the District's *Pro Se* Manual and Local

Rules of Practice already on file at his correctional facility), (3) the fact that Plaintiff had a full and fair opportunity to conduct discovery in this matter, (4) the fact that Plaintiff was twice advised of the need to oppose Defendants' motion with record evidence (Dkt. Nos. 43, 55), and (5) the fact that a contrary ruling would be an inefficient use of judicial resources, and indeed would frustrate the purpose of the Magistrates Act. *Sidney v. Caron*, 09-CV-1326, 2012 WL 4380392, at *5-6 (N.D.N.Y. Sept. 25, 2012) (Suddaby, J.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 67) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Defendants' second motion for summary judgment (Dkt. No. 55) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended and Supplemental Complaint (Dkt. No. 11) is **DISMISSED** in its entirety. The clerk is directed to enter judgment in favor of the defendants and close this case.

Dated: March 25, 2014
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge